NICHOLAS A. TRUTANICH
United States Attorney
Nevada Bar Number 13644
CHRISTOPHER BURTON
Assistant United States Attorney
Nevada Bar Number 12940
501 Las Vegas Boulevard South
Suite 1100
Las Vegas, Nevada 89101
Tel: 702.388.6551 / Fax: 702.388.6418
Christopher.burton4@usdoj.gov
*Attorneys for the United States*

FILED
2019 JUL 29  AM 9: 57
U.S. MAGISTRATE JUDGE
BY_____

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>    v.<br><br>BRYAN DAVID RHOADS,<br><br>        Defendant. | Case No. 2:19-mj-554-NJK<br><br>**COMPLAINT** for violation of:<br><br>Assault by Striking,<br>Beating or Wounding;<br>18 U.S.C. § 113(a)(4);<br><br>Simple Assault<br>18 U.S.C. § 113(a)(5);<br><br>Under the Influence of Alcohol<br>(36 C.F.R. § 2.35(c)); |

BEFORE the United States Magistrate Judge, Las Vegas, Nevada, the undersigned complainant, being first duly sworn, states that:

### COUNT ONE
*Assault by Striking, Beating or Wounding*
**(18 U.S.C. §113(a)(4))**

On or about July 27, 2019, within the special maritime and territorial jurisdiction of the United States, specifically, within the boundaries of the Lake Mead National Recreation Area, Clark County, Nevada, **BRYAN DAVID RHOADS,** defendant herein, did assault victim J.R who is a juvenile 15 years of age, to wit: **RHOADS** punched J.R. in

the face multiple times with a closed fist, grabbed J.R. by the hair on his head and rubbed his face in the dirt, causing injury; all in violation of Title 18, United States Code, Section 113(a)(4).

## COUNT TWO
*Simple Assault*
**(18 U.S.C. §113(a)(5))**

On or about July 27, 2019, within the special maritime and territorial jurisdiction of the United States, specifically, within the boundaries of the Lake Mead National Recreation Area, Clark County, Nevada, **BRYAN DAVID RHOADS,** defendant herein, did assault victim J.R. who is a juvenile 15 years of age, to wit: **RHOADS** punched J.R. in the face multiple times with a closed fist, grabbed J.R. by the hair on his head and rubbed his face in the dirt, causing injury; all in violation of Title 18, United States Code, Section 113(a)(5).

## COUNT THREE
*Under the Influence of Alcohol*
**(36 C.F.R. § 2.35(c))**

On or about July 27, 2019, in the State and Federal District of Nevada, within the boundaries of the Lake Mead National Recreation Area, **BRYAN DAVID RHOADS,** defendant herein, was present in a park area when under the influence of alcohol to a degree that may endanger himself and another person and damage property and park resources, which is prohibited, to wit: **RHOADS** was involved in a physical altercation with a juvenile identified J.R. and an adult identified as J.R.; H.K. stated that **RHOADS** had been drinking all day and that she was stressed out by the way he was driving; **RHOADS** provided a breath sample which was tested with a portable breath testing device and showed the presence of alcohol; all in violation of Title 36, Code of Federal Regulations, Section 2.35(c).

Complainant, as and for probable cause, states the following:

1. Complainant is a Park Ranger with the National Park Service, Lake Mead National Recreation Area, Clark County, Nevada, and has been employed as a law enforcement officer for over 20 years.

2. The following information is the result of either complainant's own personal investigation or has been provided by other law enforcement officers:

(a) On July 27, 2019, National Park Service Rangers Christopher Hendrix and Charles Otto were on routine patrol within the boundaries of the Lake Mead National Recreation Area, Clark County, Nevada.

(b) Rangers Hendrix and Otto were notified by the Lake Mead Interagency Communications Center regarding a reported fight at Boxcar Cove.

(c) Rangers Hendrix and Otto arrived on scene and observed **BRYAN DAVID RHOADS** who was handcuffed and in the backseat of a marked patrol vehicle. National Park Service Ranger Matt Phillipson had secured **RHOADS** in his patrol vehicle.

(d) National Park Service Ranger Johnathan Cummings contacted J.R. and observed bruising, swelling and red marks on his face and nose. J.R. stated that he had been in a vehicle with **BRYAN DAVID RHOADS** and a female identified as H.K. They went to dump some trash and when returning to the beach camp, J.R. purposely instructed **RHOADS** to go the wrong direction. After realizing they had gone the wrong way, **RHOADS** confronted him about this and then said he was going to show him something funny. Before getting back to the beach camp, **RHOADS** stopped and told J.R. to get out of the vehicle. J.R. stated that **RHOADS** got out of the vehicle after him then grabbed him by the hair on his head and began punching him for approximately ten to twelve times on the left side of his face. J.R. said that **RHOADS** shoved his face in the dirt and kicked him.

Along with the visible injuries to his face, J.R. had a small bald spot on his head where he stated **RHOADS** had grabbed him by his hair.

  (e)  Ranger Cummings spoke with H.K. who was in the vehicle with **BRYAN DAVID RHOADS** and J.R. at the time of the assault. She stated that she did not see what had happened when both of them had gotten out of the vehicle but observed that J.R. was injured when they both got back in. She asked what happened and J.R. would only say he fell down and **RHOADS** just stated that J.R. had an accident. H.K. stated that **RHOADS** had been drinking all day and she was stressed out by the way he was driving.

  (f)  J.R. had been involved in a motor vehicle accident earlier in the day, to which National Park Service Rangers had responded. J.R. had received various cuts and abrasions to his arms and legs from the vehicle accident. National Park Service Ranger William Dentler had observed J.R. after the vehicle accident and was able to confirm that the injuries to J.R.'s face were not associated with the vehicle accident.

  (g)  National Park Service Ranger Todd Austin contacted **BRYAN DAVID RHOADS** while he was secured in the back seat of Ranger Phillipson's patrol vehicle. Ranger Austin advised **RHOADS** of his *Miranda* rights. When asked if he would answer questions, **RHOADS** responded saying "yes". **RHOADS** stated that he had driven to the dumpsters at Boxcar Cove to get rid of trash. J.R. was in the vehicle along with his girlfriend H.K. who he referred to as "Lisa". **RHOADS** stated that after dumping the trash, J.R. had given him the wrong directions to get back to the camp. **RHOADS** admitted that this made him angry. He confronted J.R. about it and J.R. said he thought it would be funny to tell him to go the wrong way. Before getting back to the camp, **RHOADS** stopped the car and both he and J.R. got out. **RHOADS** stated that he wanted to discipline J.R. a bit. **RHOADS** admitted that while they were outside the vehicle, he hit J.R. in the face

three times with a closed fist, then grabbed him by the hair on his head and rubbed his face in the dirt. **RHOADS** said that J.R. was saying he was sorry while he was hitting him. **RHOADS** told Ranger Austin that he did not notice any blood or obvious injuries to J.R. but was sorry about it. Additionally **RHOADS** stated that he is a strong disciplinarian type of person. Ranger Austin observed what appeared to be a laceration to **RHOADS'** left lower lip and an abrasion to his left shoulder and elbow. **RHOADS** stated that when they returned to the beach camp, J.R. had told his father J.T.R that **RHOADS** had hit him. **RHOADS** stated that he told J.T.R. what had happened and that he had "came down heavy" on J.R. **RHOADS** then described being in an altercation with J.T.R. stating that J.T.R. tried to hit him, choke him, and throw him into the lake.

(h)     **BRYAN DAVID RHOADS** consented to provide a breath sample for a portable breath testing unit. Ranger Austin administered this test which showed a positive result for the presence of alcohol.

(i)     J.T.R. was identified as J.R.'s father. J.T.R. said that his son was crying and told him that **BRYAN DAVID RHOADS** beat him up. J.T.R. said that he questioned **RHOADS** about this and he said he had to "teach J.R. a lesson." J.T.R. said that **RHOADS** came at him and he protected himself. He said that **RHOADS** moved away and then came back a second time before being made to go out into the water where he stayed until officers arrived.

(j)     Witnesses were identified at the scene and stated that they observed an altercation between J.T.R. and **BRYAN DAVID RHOADS**. J.H. identified **RHOADS** as the "attacker" and that J.T.R. was defending himself. M.C. stated that he broke up the fight and pulled J.T.R. off of **RHOADS** who said he was just trying to teach the kid a lesson. He stated that after separating them, **RHOADS** came back and the fight had to be

1  broken up again. M.C. stated that he talked to J.R. and observed multiple contusions and
2  swelling on his face. M.C. said that they called the police and he provided first aid to J.R.
3       (k)    Based on observations and investigation at the scene and information
4  gathered from all parties, **BRYAN DAVID RHOADS** was charged with violating Title 18,
5  United States Code, Section 113(a)(4), Assault by Striking, Beating or Wounding,
6  113(a)(5), Simple Assault (with a victim that has not yet reached the age of 16), and 36
7  CFR 2.35(c) Under the Influence of Alcohol.
8       (l)    Rangers Hendrix and Otto transported **BRYAN DAVID RHOADS** to the
9  Henderson Detention Center. During the transport, **RHOADS** asked if they could just take
10 him home. Ranger Otto stated no they could not do that. **RHOADS** then stated "I should
11 not have beaten up a 15 year old."

_____
CHRIS RAYNOLDS, Park Ranger
National Park Service

SUBSCRIBED and SWORN to before me
this _29th_ day of July, 2019.

_____
HONORABLE NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE